**Gina M. Corena, Esq.**
Nevada Bar No. 10330
gina@corenalaw.com
**Trisha R. Delos Santos, Esq.**
Nevada Bar No. 15902
trisha@corenalaw.com
**GINA CORENA & ASSOCIATES**
300 S. Fourth Street, Suite 1400
Las Vegas, Nevada 89101
Telephone: (702) 680-1111
Facsimile: (888) 897-6507
*Attorneys for Plaintiff*

GINA CORENA & ASSOCIATES

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ISHA DELIA ASBERRY, an individual;<br><br>Plaintiff,<br><br>v.<br><br>STEFAN KOELLMANN, an individual; DOES I through X; and ROE BUSINESS ENTITIES I through X, inclusive,<br><br>Defendant. | Case No.: 2:26-cv-02561-GMN-MDC<br><br>**AMENDED STIPULATED DISCOVERY PLAN & SCHEDULING ORDER**<br><br>**SPECIAL SCHEDULING REVIEW REQUESTED** |

Plaintiff, ISHA DELIA ASBERRY (hereinafter "**Ms. Asberry**") by and through her attorneys of record, the Law Office of **GINA CORENA & ASSOCIATES**, and Defendant STEFAN KOELLMANN (hereinafter "**Mr. Koellmann**") by and through his attorneys of record, the Law Office of **PHILLIPS, SPALLAS & ANGSTADT, LLC**, having met the requirements of FRCP 26(f) by meeting and conferring to discuss discovery in this case, and pursuant to the Local Rules of Civil Procedure for the District of Nevada, hereby stipulate to the following Amended Discovery Plan and Scheduling Order in compliance with LR 26-1.

## I. STATEMENT OF THE CASE.

This action arises from a motor vehicle collision that occurred on or about January 6, 2025. Ms. Asberry alleges that on January 6, 2025, she was operating a 2007 Hyundai Sonata, traveling at the intersection of US95 Martin L. King Boulevard Southbound Offramp and Martin

L. King Boulevard East. At the same time and place, Mr. Koellmann, who was operating a 2018 Ducati Multistrada 1260S motorcycle, was at the same intersection directly behind Ms. Asberry's vehicle when, suddenly and without warning, Mr. Koellmann made an unsafe passing maneuver on the left and struck Ms. Asberry's vehicle, causing Plaintiff to sustain serious injuries as a result.

Defendant denies the allegations contained in the Complaint as to jurisdiction, liability, causation, and damages.

## II. DISCOVERY ISSUES IN DISPUTE

At this time, the parties do not have any discovery disputes to bring to the Court's attention. In the event a dispute arises, the parties will seek Court intervention, as necessary.

## III. CONFERENCE TIMING

Plaintiff filed her operative Complaint on June 22, 2026, in the Eighth Judicial District Court, Clark County, State of Nevada. [ECF 1-2.] Plaintiff served Defendant with a copy of the Summons and Complaint on June 27, 2026. [ECF 1-4.] Soon after, Defendant filed an Answer to Plaintiff's Complaint on July 16, 2026. [ECF 1-5.] On August 6, 2026, Plaintiff filed a Request for Exemption from Arbitration. [ECF 1-8.]

On August 17, 2026, Defendant filed his Petition for Removal of Civil Action. [ECF 1.] Counsel for Plaintiff and Defendant conducted their Rule 26(f) conference on September 1, 2026, and further met and conferred about the issues addressed below in subsequent communications.

## IV. DISCOVERY PLAN

**a. What changes should be made in the timing, form or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.**

The parties do not have any proposed changes in the timing, form, or requirement for disclosures under Rule 26(a). The parties agree that initial disclosures should be made in compliance with Rule 26(a).

Plaintiff's Initial Disclosures will be made on or before September 15, 2026.

///



GINA CORENA & ASSOCIATES

Defendant made his Initial Disclosures on September 4, 2026.

**b. The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

The parties submit that the following schedule is necessary to allow for adequate and detailed discovery and pretrial practice in this case, and as such seek a special scheduling review. Pursuant to LR 26-1(b)(1), the discovery period shall not exceed 180 days from the date the Defendant answered or otherwise appeared. Any request to go beyond 180 days requires special scheduling review. As noted above, this case was removed from the Eighth Judicial District Court, Clark County, State of Nevada to the United States District Court, District of Nevada. Defendant promptly removed the case to federal court upon determining from Plaintiff's Request for Exemption from Arbitration that Plaintiff's claimed damages exceeded the $75,000.00 federal amount-in-controversy threshold. Prior to the removal of this case to federal court, the parties have not made any initial disclosures of witnesses and documents and have not conducted any discovery in the state court. The parties agree and assert that it would be unfair to have a shortened discovery period due to the removal of this case to federal court. The parties respectfully request a discovery period of 182 days (note that the 180-day deadline falls on a Saturday, so the deadline is moved to the next day that is not a Saturday, Sunday, or legal holiday) from the Defendant's filing of the Petition for Removal of Civil Action on August 17, 2026, with the cut-off date of February 15, 2027. This proposed discovery cut-off date is 214 days from the Defendant's filing of an answer.

The parties believe that the areas of discovery should include, but not limited to, all claims and defenses allowed pursuant to the Federal Rules of Civil Procedure. The parties request that a trial date be set no earlier than May 17, 2027 (90 days after the Close of Discovery) to allow for the completion of discovery and resolution of the expected dispositive motions. The parties expect this case to take 3 – 5 trial days.

///

///

///

GINA CORENA & ASSOCIATES

| EVENT | PROPOSED DEADLINE |
|---|---|
| **Rule 26(a) Initial Disclosures**<br>*(14 days after Meet and Confer)* | September 15, 2026 |
| **Initial Expert Disclosures**<br>*(60 days before Close of Discovery)* | December 17, 2026 |
| **Rebuttal Expert Disclosures**<br>*(30 days after Initial Expert Disclosures)*<br>In accordance with FRCP 6(a)(1), this proposed date is 32 days after Initial Expert Disclosures, as the 30th day falls on a Saturday. | January 18, 2027 |
| **Close of Discovery**<br>*(180 days after first appearance by Defendant(s))*<br>In accordance with FRCP 6(a)(1), this proposed date is 182 days after the Defendant's filing of the Petition for Removal of Civil Action, as the 180th day falls on a Saturday. | February 15, 2027 |
| **Dispositive Motions**<br>*(30 days after Close of Discovery)* | March 17, 2027 |
| **Joint Pretrial Order**<br>*(30 days after deadline for filing Dispositive Motions -OR- if Dispositive Motions are filed, then 30 days after decision on the Dispositive Motions or further court order)* | April 16, 2027 |
| **Amend Pleadings or Add Parties**<br>*(90 days before Close of Discovery)* | November 17, 2026 |

**c. Any issues about the preservation of discoverable information, or the disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

The parties discussed preservation of discoverable information, including but not limited to electronic discovery, and have agreed that all potentially relevant discoverable information will be preserved and produced if any such data exists and is recoverable.

**d. Any issues about claims of privilege or of protection as trial-preparation material, including – if the parties agree on a procedure to assert these claims after production – whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

At this time, the parties are unaware of any issues relating to the assertion or anticipated assertion of any privilege.

///

**e. Statement identifying any issues about trade secrets or other confidential information, and whether the parties have agreed upon a confidentiality order or whether a Rule 26(c) motion for protective order will be made**:

The parties do not anticipate that discovery in this matter will require the entry of a stipulated protective order. Should the need for a protective order arise during discovery, however, the parties will meet and confer regarding the appropriate terms and, if necessary, seek appropriate relief from the Court.

**f. What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

At this time, the parties do not believe any changes or other limitations are necessary.

**g. Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

The parties are not aware of any other issues requiring court intervention at this point.

## V. COURT CONFERENCES

If the Court has questions regarding the dates proposed by the parties, the parties request a conference with the court before entry of the Scheduling Order. If the Court does not have questions, the parties do not request a conference with the Court.

## VI. FED. R. CIV. P. 26(A)(3) DISCLOSURES

Unless the discovery plan otherwise provides and the Court so orders, the disclosures required by Fed. R. Civ. P. 26(a)(3) and any objections to them must be included in the joint pretrial order.

## VII. ALTERNATIVE DISPUTE RESOLUTION AND POTENTIAL FOR SETTLEMENT

The parties certify that they have conferred about using alternative dispute resolution (ADR) and do not feel that ADR would be helpful at this point.

**VIII.** The parties certify that they have conferred about the potential for settlement of the claims at issue, but as of the date of filing this Stipulated Discovery Plan, have been unable to reach a resolution.

///

**IX. ALTERNATE FORMS OF CASE DISPOSITION**

The parties certify that they have conferred about trial by a magistrate judge under 28 U.S.C. §636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program but have not reached an agreement to utilize these alternative forms of case disposition at this time.

**X. ELECTRONIC EVIDENCE**

The parties certify that they discussed whether they intend to present evidence in electronic format to jurors for the purpose of jury deliberations. The parties will ensure that said evidence is in an electronic format compatible with the Court's electronic jury evidence display system. The parties anticipate that they will have some evidence to present to the jury that exists in electronic format. No stipulations have been reached by the parties in this regard to date but will address this issue again in the joint pretrial order.

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

GINA CORENA & ASSOCIATES

## XI. CONSENT TO SERVICE BY ELECTRONIC MEANS THROUGH ELECTRONIC MAIL

The undersigned, on behalf of Plaintiff and Defendant, hereby consent to service of documents by electronic means via electronic mail and/or U.S. Mail. Documents served by electronic means must be transmitted to the following persons at the e-mail address below:

- GINA CORENA & ASSOCIATES E-Service Addresses: gina@corenalaw.com, trisha@corenalaw.com, kchandler@corenalaw.com, gabriela@corenalaw.com
- PHILLIPS, SPALLAS & ANGSTADT LLC E-Service Addresses: rphillips@psalaw.net, tkuhls@psalaw.net, katon@psalaw.net, jkephart@psalaw.net, abahar@psalaw.net

Respectfully submitted by:

**DATED**: September 11, 2026.

**GINA CORENA & ASSOCIATES**

*/s/ Trisha R. Delos Santos*______
**Gina M. Corena, Esq.**
Nevada Bar No. 10330
**Trisha R. Delos Santos, Esq.**
Nevada Bar No. 15902
300 S. Fourth Street, Suite 1400
Las Vegas, Nevada 89101
*Attorneys for Plaintiff*

**DATED**: September 11, 2026.

**PHILLIPS, SPALLAS & ANGSTADT, LLC**

*/s/ Koichi R. Aton*____________
**Robert K. Phillips, Esq.**
Nevada Bar No. 11441
**Timothy D. Kuhls, Esq.**
Nevada Bar No. 13362
**Koichi R. Aton, Esq.**
Nevada Bar No. 16492
504 South Ninth Street
Las Vegas, Nevada 89101
*Attorneys for Defendant*

**IT IS SO ORDERED.**

________________________________
**UNITED STATES MAGISTRATE JUDGE**

**DATED:** 9-17-26

**CASE NO.: 2:26-cv-02561-GMN-MDC**